UNITED STATES of America,
Plaintiff—Appellee,

v.

Steven D. SLAUGHTER, Defendant—
Appellant.

No. 03–30030.
D.C. No. CR–02–00388–TSZ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Dec. 8, 2003.

Francis J. Diskin, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Brian Tsuchida, FPDWA–Federal Public Defender's Office, Seattle, WA, for Defendant–Appellant.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM *

Defendant Steven Slaughter appeals his sentence for possession and distribution of heroin, 21 U.S.C. § 841, and extortion under color of official right, 18 U.S.C. § 1951 (the Hobbs Act). We affirm.

■ 1. The district court found that Defendant used a "special skill, in a manner that significantly facilitated the commission" of the drug offenses. U.S.S.G. § 3B1.3. Specifically, the court found that Defendant "had substantial training" in how to conduct *Terry* stops, including pro-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cedures designed to promote officer safety, and that he "used in this case" those "special skills as a police officer."

Defendant does not argue that these are not special skills, or that he did not possess these special skills. He argues only that he did not "use" the special skills to facilitate his commission of the crime, because he lied to and stole from the suspects and because his efforts were so inept.

The fact that Defendant had a felonious motive for making a stop does not mean he failed to use his special skills as a police officer in actually effecting the stop. Additionally, even Defendant's inept use of his special skills made it significantly easier for him to commit the offenses. *Cf. United States v. Foreman,* 926 F.2d 792, 796 (9th Cir.1990) (affirming enhancement for abuse of trust where using police badge made it significantly easier to commit the offense, even though this use did not significantly affect the success of the effort). In the circumstances, the district court's factual findings are not clearly erroneous, *United States v. Bynum,* 327 F.3d 986, 993 (9th Cir.), *cert. denied,* — U.S. —, 124 S.Ct. 279, 157 L.Ed.2d 195 (2003), and the court did not err.

2. Defendant also argues that the district court plainly erred by failing to group the drug counts together with the Hobbs Act count, pursuant to U.S.S.G. § 3D1.2(c). Plain-error review applies because Defendant failed to raise this issue to the district court. *United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001).

Hobbs Act violations do not necessarily involve the use of a special skill, even if (as we assume, but do not need to decide) they inherently involve an abuse of public trust.

For that reason, the Hobbs Act count does not necessarily embody conduct that was treated as an adjustment to the guideline that applied to the drug counts, and it was not plain error to fail sua sponte to group the offenses under § 3D1.2(c).

AFFIRMED.